IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVIE MILES, | § | |
|    PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-1013-N-BK |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, now before the Court is Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*. Doc. 25. Defendant has not filed a response to the motion. For the reasons that follow, it is recommended that the motion be **GRANTED**.

**I.    BACKGROUND**

In April 2016, Plaintiff filed a complaint seeking reversal of the decision of the Commissioner of Social Security denying his claims for disability insurance benefits under the Social Security Act. Doc. 1. Upon the recommendation of the undersigned magistrate judge, the Court reversed the Commissioner's decision and remanded the case for further proceedings. Doc. 18; Doc. 20. Thereafter, the Court awarded Plaintiff's counsel attorneys' fees in the amount of $5,695.33 under the Equal Access to Justice Act ("EAJA"). Doc. 24. In June 2020, the Commissioner found Plaintiff disabled and awarded him and his minor children benefits, retroactive to February 2012, totaling $171,810.00; Plaintiff's portion of the award was $128,282.00. Doc. 25-1 at 2, 4-5, 9, 13, 17.

Consistent with counsel's contingency agreement with Plaintiff, the Social Security

Administration notified Plaintiff that it had withheld $32,070.50 from his past due benefits, representing 25 percent, as potential payment for his legal fees. Doc. 25-1 at 5. Counsel now requests that the Court award him $27,952.50 in attorney's fees, amounting to 16.2 percent of the past due benefits awarded Plaintiff, as permitted by section 406(b) of the Social Security Act. Doc. 25 at 8.

## II.   APPLICABLE LAW

Under 42 U.S.C. § 406(b), whenever a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled. Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refund to the claimant the amount of the smaller fee." *Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (some alterations omitted). Section 406(b) calls for courts to conduct an independent review of these contingency arrangements to ensure that the attorney for the successful claimant has met their burden of demonstrating that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 807.

If the benefits resulting from a contingency fee agreement are large compared to the amount of time counsel spent on the case, the fee should be adjusted downward to avoid a windfall for counsel. *Id.* at 808. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall that would warrant a downward adjustment. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). However, it has implicitly approved several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes,

value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citation omitted).

### III.  ANALYSIS

Here, the relevant factors weigh in favor of approving counsel's motion.  First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security benefits.  *See Cullar v. Saul*, No. 7:19-CV-00027-O-BP, No. 2021 WL 295842, at *2 (N.D. Tex. Jan. 8, 2021) (Ray, J.) ("[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court.") (quoting *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012)), *adopted by* 2021 WL 289270 (N.D. Tex. Jan. 28, 2021); *see also Frank M. v. Saul*, No. 3:16-CV-2182-K-BT, 2020 WL 8258385, at *2 (N.D. Tex. Dec. 28, 2020) (Rutherford, J.) (citing *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (Ramirez, J.) for the proposition that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *adopted by* 2021 WL 228924 (N.D. Tex. Jan. 22, 2021).  Counsel in this case faced just such a risk because Plaintiff had lost at all levels of the administrative proceedings.

Additionally, counsel's fee agreement with Plaintiff calls for an award in counsel's favor of 25 percent of Plaintiff's retroactive benefits.  Doc. 25-3 at 3.  There is no suggestion that any fraud or overreaching occurred in this matter as Plaintiff signed the fee agreement, and counsel acted in a timely fashion in litigating the case and achieving a significant victory for his client. *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the

amount of time invested); *Jeter*, 622 F.3d at 382 (stating that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).

Here, counsel has been exclusively practicing Social Security disability law for approximately 25 years and is board certified in that field. Doc. 25-5 at 2; *Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee). Counsel also provided thorough and effective representation in this case, preparing a 22-page opening brief with various sub-issues, as well as a reply brief. Doc. 15; Doc. 17; *Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

The size of counsel's requested reward, $27,952.50, divided by the 30.7 hours that he expended on the case, leads to an hourly rate of $910.50, which is less than twice the hourly rate for attorneys of similar experience —— $463.00. Doc. 25-2 at 1-3 (counsel's hourly billing records); Doc. 25-5 at 3 (Decl. of Michael Kelly); Doc. 25-6 at 4-5 (Texas Lawyer, *The State of Rates* (Oct. 1, 2012)) (noting that the median average billable rate for an equity partner in Dallas/Fort Worth was $463.00 in 2012). Nevertheless, the risk involved in litigating a contingency case of this nature should not be overlooked. *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall). The hourly rate is also well within the range previously approved in other social security cases. *See, e.g.*, *Eric B. v. Comm'r of Soc. Sec.*, No. 3:17-CV-0083-G-BK, 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (Toliver, J.) (finding effective hourly rate of $937.50 reasonable), *adopted by* 2020 WL 109856 (N.D. Tex. Jan. 8, 2020); *Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, *2 (N.D. Tex. Mar. 13, 2018) (Frost, J.) (same); *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2

(N.D. Tex. Aug. 12, 2014) (Lynn, J.) (approving de facto hourly rate of $1,245.55). Upon consideration, the Court concludes that counsel's hours expended and proposed hourly rate of $910.50 are reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, Doc. 25, should be **GRANTED**, and counsel should be awarded attorney's fees in the amount of $27,952.50.[1]

**SO RECOMMENDED** on September 29, 2021.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Because the Court previously awarded counsel fees of $5,695.33 pursuant to the EAJA, Doc. 24, he must refund the smaller fee award to Plaintiff. *Gisbrecht*, 535 U.S. at 796. Counsel represents that he will promptly refund the lesser amount to Plaintiff. Doc. 25 at 12.